UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID H. BESSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-02527 (APM) |
| U.S. DEPARTMENT OF COMMERCE, | ) |
| Defendant, | ) |
| and | ) |
| LIGADO NETWORKS, LLC, | ) |
| Intervenor-Defendant. | ) |

## MEMORANDUM OPINION

Little remains in dispute in this long-running Freedom of Information Act ("FOIA") case. At issue are three sentences contained in the Statement of Work section of a cooperative research and development agreement, or "CRADA," between the National Institute of Standards and Technology ("NIST") and Ligado Networks, a private telecommunications company. Defendant withheld those sentences based on FOIA Exemption 4. In a prior Memorandum Opinion and Order, the court denied summary judgment with respect to the Statement of Work because the agency had represented that "certain limited aspects of the Statement of Work may be available in public documents." Mem. Op. & Order, ECF No. 38, at 10 (internal quotation marks omitted) (emphasis omitted). The court "afford[ed] the agency the opportunity to show that the entirety of the Statement of Work is subject to Exemption 4 protection, even though some of that Statement may be public." *Id.* After the court's ruling, Defendant disclosed "the portions of the Statement

of Work that it determined were in the public domain," but withheld the three sentences that remain at issue under Exemption 4. Def.'s Status Report, ECF No. 40, at 1.

I.

Exemption 4 permits an agency to withhold "trade secrets and commercial or financial information" that are "obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). Thus, a valid Exemption 4 withholding entails three elements: (1) the information must be either a trade secret, commercial information, or financial information; (2) it must be obtained from a person; and (3) it must be either privileged or confidential. Here, there is no dispute that the information contained in the CRADA's Statement of Work was "obtained from a person"—Ligado Networks—and qualifies as commercial or financial information. *See* Def.'s Third Mot. for Summ. J., ECF No. 41 [hereinafter Def.'s Third Mot.], Def.'s Stmt. of Facts, ECF No. 41-1, ¶ 2; Pl.'s Cross-Mot. & Opp'n to Def.'s Third Mot. for Summ. J., Resp. to Def.'s Stmt. of Material Facts, ECF No. 43, ¶ 2 (disputing only whether the redacted sentences contain segregable information). Thus, the question before the court is whether the information withheld is "confidential."

For purposes of Exemption 4, information is deemed "confidential" "[a]t least where commercial or financial information is both customarily and actually treated as private by its owner and provided to the government under an assurance of privacy." *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2366 (2019). In this case, according to Ligado's declarant Valerie Green, the "three sentences within the Statement of Work are not publicly-available and have been maintained as private by Ligado. It would reveal commercially-sensitive information about Ligado's business plans and activities if that information was released." Def.'s Third Mot., Decl. of Valerie Green, ECF No. 41-3 [hereinafter Green Decl.], ¶ 8. Further, Green affirms, that

2

information was provided "to NIST with an implied assurance of confidentiality." *Id.* ¶ 5. Based on these representations, the three sentences redacted from the Statement of Work would appear to satisfy Exemption 4's definition of "confidential."

II.

Plaintiff offers up a scattershot of objections to create a genuine dispute of fact, but none is successful. First, he points to Section 5.1 of the CRADA, which provides that "[e]ach Party agrees to not disclose to the other Party any proprietary information under this CRADA," a provision that Plaintiff contends undermines Ligado's contention that it provided the disputed information under an implied assurance of confidentiality. *See* Pl.'s Opp'n to Def.'s Third Mot. for Summ. J., ECF No. 43 [hereinafter Pl.'s Opp'n], at 4–5. But Section 5.1 does not help Plaintiff, as Exemption 4 broadly protects "trade secrets and commercial or financial information," not just information deemed "proprietary." 5 U.S.C. § 552(b)(4). Thus, there is no conflict between a withholding under Exemption 4 and Section 5.1.

Next, Plaintiff focuses on another provision of the CRADA, Section 5.3(a), which states that "Protected Results" will not be subject to disclosure under FOIA, and he argues that the withheld information does not meet the definition of "Protected Results." *See* Pl.'s Opp'n at 5. Section 5.3(a) does not, however, purport to eclipse FOIA's protections. Rather, it simply specifies that certain information will be deemed exempt; that does not mean that information that is not a "Protected Result" falls outside FOIA's reach.

Third, Plaintiff recites a litany of public disclosures made by Ligado to suggest that some, if not all, of the withheld information already is in the public domain and is thus reasonably segregable. *See id.* at 5–7. He so argues even though the declarants for Ligado and Defendant have affirmed that the three sentences do not contain publicly available information. *See* Green

Decl. ¶ 9 (describing the withheld information as "non-public"); Def.'s Third Mot., Suppl. Decl. of Catherine S. Fletcher, ECF No. 41-2, ¶ 6 (stating that "NIST program experts independently confirmed that they are not aware of the information in those sentences being public"); Reply in Further Supp. of Def.'s Third Mot. for Summ. J. & Opp'n to Pl.'s Cross-Mot. for Summ. J., ECF No. 48, Second Suppl. Decl. of Catherine S. Fletcher, ECF No. 48-1, ¶ 8 (similar). When, as here, a plaintiff claims the inapplicability of an exemption because the requested information is in the public domain, he bears an "initial burden of pointing to specific information in the public domain that *appears to duplicate* that being withheld." *Pub. Citizen v. Dep't of State*, 276 F.3d 634, 645 (D.C. Cir. 2002) (emphasis added) (internal quotation marks omitted). Plaintiff points to statements made by Ligado's CEO about the company's work with NIST, but he offers nothing to establish that the CEO's statements are "duplicates" of what has been withheld from the Statement of Work. *See* Pl.'s Opp'n at 6. Plaintiff's indiscriminate listing of public statements by Ligado about its business activities similarly falls far short of satisfying his burden. *See id.* at 6–7.

Finally, Plaintiff urges the court to review the withheld material *in camera*. *See id.* at 8–12. *In camera* review in a FOIA case is "neither necessary nor appropriate" unless the declarations fail to "provide specific information sufficient to place the documents within the exemption category," where that information is "contradicted in the record," or where there is evidence of "agency bad faith." *ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 626 (D.C. Cir. 2011) (internal quotation marks omitted). The court has carefully considered the information presented by Plaintiff, *see* Pl.'s Opp'n at 8–12, and finds that an *in camera* review is not warranted.

III.

For the foregoing reasons, Defendant's Third Motion for Summary Judgment, ECF No. 41, is granted. Plaintiff's Motion for *In Camera* Review, ECF No. 39, and Cross-Motion for Summary

Judgment, ECF No. 44, are denied. A separate final order accompanies this Memorandum Opinion.

Dated: May 3, 2021

Amit P. Mehta
United States District Court Judge